AARON D. FORD
  Attorney General
Sabrena K. Clinton (Bar No. 6499)
  Deputy Attorney General
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3420 (phone)
(702) 486-3768 (fax)

*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT

# LAS VEGAS, NEVADA

| | |
|---|---|
| T. MATTHEW PHILLIPS, Next Friend of D.M.P., a Minor<br><br>Plaintiff,<br><br>v.<br><br>VINCENT OCHOA, STEVE WOLFSON, JON NORHEIM, GERARD COSTANTIAN, AMBER KORPAK, CLARK COUNTY, EIGHTH JUDICIAL DISTRICT COURT<br><br>Defendants. | Case No. 2:22-cv-02086-RFB-BNW<br><br>**JOINT STIPULATION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS** |

Pursuant to Local Rules LR 7-1 and IA 6-2, Plaintiff T. Matthew Phillips and Defendants Vincent Ochoa, Jon Norheim, the Eighth Judicial District Court, Steve Wolfson, Gerard Costantian, Amber Korpak, and Clark County, hereby stipulate and agree to stay discovery, including initial disclosures, and a discovery plan and scheduling order, in this case pending resolution of Defendants' motions to dismiss (ECF Nos. 7, 8, and 12).

The parties submit that good cause exists for this stipulation to be granted under applicable law. Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.*

The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

Defendants filed motions to dismiss premised on immunity (absolute judicial, quasi-judicial, Eleventh Amendment), subject-matter jurisdiction under the *Rooker-Feldman*[1] doctrine, claim preclusion, and failure to state claims upon which relief could be granted. While Plaintiff disagrees on the merits of Defendants' motions (*see* ECF Nos. 9, 14, 19), the parties agree that the motions may be potentially dispositive of this case and can be decided without discovery.

Counsel for the parties conferred on discovery obligations on April 3rd and 5th, 2023 before submitting this stipulation.

DATED this _____ day of April, 2023.

STEVEN B. WOLFSON

/s/ Scott R. Davis
Scott R. Davis (10019)
Stephanie A. Mazzei (11648)
500 S. Grand Central Pkwy., Suite 5075
Las Vegas, NV 89155-2215
Attorneys for Steve Wolfson, Gerard Costantian, and Clark County

DATED this _____ day of April, 2023.

HUTCHINSON & STEFFEN

/s/ Shannon R. Wilson
Shannon R. Wilson (9933)
Todd W. Prall (9154)
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Attorneys for Amber Korpak

## ORDER

IT IS ORDERED that ECF No. 23 is GRANTED.

IT IS FURTHER ORDERED that, if necessary, the parties are to file a proposed Discovery Plan and Scheduling Order 14 days after the motions to dismiss are decided.

**IT IS SO ORDERED**
**DATED:** 1:55 pm, April 10, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

///
///
///
///
///
///
///

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).