UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| T. MATTHEW PHILLIPS, Next Friend of D.M.P., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT OCHOA et al.,<br><br>Defendants. | Case No. 2:22-cv-02086-RFB-BNW<br><br>**ORDER** |

Before the Court are three motions to dismiss brought by the Defendants. ECF Nos. 7, 8, 12. For the reasons below, they are granted.

## I.   FACTUAL ALLEGATIONS

On December 19, 2020, Defendant Judge Vincent Ochoa of the Defendant Eighth Judicial District Court, Family Division, issued an order terminating Plaintiff T. Matthew Phillips' parental rights regarding Plaintiff's son and giving Defendant Amber Korpak sole legal and primary physical custody. As part of this decision, Judge Ochoa relied upon Nevada Revised Statutes § 207.190. Defendant District Attorney Steve Wolfson, Defendant Deputy District Attorney Gerard Constantian, and Defendant Jon Norheim are involved in the enforcement of Judge Ochoa's order.

## II.   PROCEEDURAL BACKGROUND

On December 16, 2022, Plaintiff filed the Complaint in this case. ECF No. 1. On February 14, 2023, Defendants Eighth Judicial Circuit, Norheim, and Judge Ochoa filed a Motion for Dismiss the Complaint. ECF No. 7. On February 23, 2023, Defendants Clark County, Constantian, and Wolfson filed a

Motion to Dismiss the Complaint. ECF No. 8. On March 7, 2023, Defendant Korpak filed a Motion Dismiss the Complaint. ECF No. 12. Each motion to dismiss was fully briefed. ECF No. 9, 13, 14, 16, 19, 20.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a). The court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### IV. DISCUSSION

#### A. Judicial Notice

As a preliminary matter, the Court takes judicial notice *sua sponte* of the Nevada Supreme Court's decision in Plaintiff's state case, Phillips v. Phillips, Nos. 82414, 82693, 2022 Nev. Unpub. LEXIS 347 (April 29, 2022) and the denial of Plaintiff's petition for a writ of certiorari, Phillips

v. Phillips, No. 22-5622, 2022 U.S. LEXIS 5025 (November 21, 2022). A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 750 n.6 (9th Cir. 2006); Fed. R. Evid. 201 (permitting judicial notice for adjudicative facts that can be accurately and readily determined form sources whose accuracy cannot reasonably be questioned). In doing so, the Court does not consider any disputed matters contained within those court filings, only their existence and any stated reasoning of the courts. Lee v. City of L.A., 250 F/3d 668, 689-90 (9th Cir. 2001).

### B. Judicial Immunity

It is clearly established that a judge is generally immune from a suit for money damages for their judicial actions. Mireles v. Waco, 502 U.S. 9, 9 (1991) (collecting cases).

There are two exceptions. First, judicial immunity does not cover acts that are not judicial in nature. See Lund v. Cowan, 5 F.4th 964, 971 (9th Cir. 2021) (citing factors for determining whether an act is judicial in nature); Forrester v. White, 484 U.S. 219, 227 (1998) (holding that an act "does not become less judicial by virtue of an allegation of malice or corruption of motive). Second, a Judge may be liable for damages under § 1983 where they act in "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). This is a broad immunity: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. "Jurisdiction should be broadly construed to effectuation the policies supporting immunity. Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).

Plaintiff argues, first, that Judge Ochoa's order is not a judicial act because his act was "ministerial." To this point, Plaintiff cites dicta in Pierson v. Ray for the proposition that judicial immunity does not apply where there are allegations of malice. 386 U.S. 547, 567 n.6 (1967). However, to the extent the Pierson applies and stands for Plaintiff's proposition, it was overruled by the Supreme Court's later decision in Forrester, which explicitly held that it is the act not the motive that is relevant. 484 U.S. at 227 (1998). Here, issuing an opinion is an inherently judicial act and, thus, the Court finds that Plaintiff has not adequately pleaded the first exception to absolute

judicial immunity. See Myrick v. Greenwood, 856 F.3d 487 (7th Cir. 2017) (per curiam) (affirming the district court's summary dismissal of a § 1983 for money damages against a judge who was allegedly biased in favor of the plaintiff's former husband in a divorce and custody proceeding).

Second, Plaintiff argues that Judge Ochoa tried Plaintiff under a criminal statute without an indictment. Judges of the Eighth Judicial District Court's Family Division are vested with subject matter jurisdiction over cases like Plaintiff's state case. NRS § 3.223 (providing original, exclusive jurisdiction). Judges in that court, like Judge Ochoa, are required by Nevada law to consider acts of domestic violence. See NRS § 123C.0035 A clear absence of subject matter jurisdiction for purposes of judicial immunity means a complete and total lack of all jurisdiction. Stump, 435 U.S. at 356-57. Here, the Nevada statues clearly support jurisdiction. The Nevada Supreme Court, interpreting Nevada law on Plaintiff's state appeal, determined as much. The Court finds that Judge Ochoa is shielded by absolute judicial immunity from Plaintiff's individual liability claims. See in re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (stating that judicial immunity "promotes the use of appellate procedures as the standard system for correcting judicial error.").

### C. Rooker-Feldman Doctrine

Federal courts are courts of limited jurisdiction. See U.S. CONST. art. I, § 2 (delineating the judicial authority of the federal courts); Marbury v. Madison, 5 U.S. 137, 179-180 (1803) (holding the Constitution acts as a ceiling on the jurisdiction of the federal judiciary). Among the limitations on federal judicial power is subject matter jurisdiction, which established the contours of what types of cases can be heard. Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 91-92 (2017); see also 28 U.S.C. §§ 1331, 1332, 1367 (implementing federal jurisdiction in state law diversity cases and federal question cases). Where a Court lacks subject matter jurisdiction over a given legal action, the complaint must be dismissed. Fed. R. Civ. P. 12(b)(1); Lightfoot, 580 U.S. at 91-92. One important limitation on subject matter is the Rooker-Feldman Doctrine.

In Rooker v. Fidelity Trust Co., plaintiffs brought a suit in the U.S. District Court for the District of Indiana to have an adverse judgement from an Indiana court declared "null and void" on the argument that contravened the federal constitution. 263 U.S. 413 (1923). On appeal, the U.S. Supreme Court rejected the district court's jurisdiction since that would be an exercise of

appellate jurisdiction and that federal district courts had "strictly original" jurisdiction. Id. at 416.

In D.C. Court of Appeals v. Feldman, the plaintiffs appealed a decision of the highest court of the District of Columbia to the U.S. District Court for the District of Columbia and the U.S. Court of Appeals for the District of Columbia Circuit. 460 U.S. 462 (1983). On appeal, the U.S. Supreme Court held that only the U.S. Supreme Court had statutory authority to review the decisions of the state courts. Id. at 486.

In sum, after the Rooker and Feldman plaintiffs litigated and lost in state court, "[t]heir federal complaints . . . essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). The Supreme Court has been clear "such suits [are] out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction." Id. at 183-84. The doctrine applies even where the state judgement at issue is not made by the highest state court. See Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986). The doctrine applies even when a plaintiff raises a challenge involving the federal constitution. Feldman, 460 U.S. at 483-84.

The Ninth Circuit Court of Appeals has explained that Rooker-Feldman bars a district court from exercising subject matter jurisdiction when a federal plaintiff either (1) asserts as a legal wrong an allegedly erroneous decision by a state court or (2) makes a more general challenge that is "inextricably entwined" with such a state court decision. Noel v. Hall, 341 F.3d 1148, 1161 (9th Cir. 2003). A claim is "inextricably intertwined" with a state court's decision when "adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003); Henrichs v. Valley View Dev., 474 F.3d 609, 613-14 (9th Cir. 2017) ("The doctrine applies when the federal plaintiff's claim arises from the state court judgement, not simply when a party fails to obtain relief in state court."). Simply put, federal plaintiffs cannot make "de facto appeal" of a state court decision. Noel, 341 F.3d at 1163.

Plaintiff argues that Rooker-Feldman does not apply to suits for money damages. Plaintiff here has specifically sought only money damages. While the Ninth Circuit has not squarely

addressed this question, it recently heard a similar argument and in dicta said "Although [Plaintiff] on appeal has pared back his claims and now seeks only damages, he has not demonstrated how these claims—brought against a state court judge for decisions the judge made in litigation—are anything other than an improper de facto appeal of the state court's judgement." McCoy v. Uale, No. 21-16877, 2022 U.S. App. LEXIS 28912, at *2 (9th Cir. 2022) (resolving the claim on absolute immunity) (unpublished).

Other Circuits have split on this issue. Compare Cowan v. Hunter, 762 Fed. Appx. 521 (10th Cir. 2019) (finding preclusion not Rooker-Feldman applied to suits for money damages) with Johnson v. Sup. Ct. of Ill., 165 F.3d 1140 (7th Cir. 1999) (finding Rooker-Feldman applies to suits for money damages). Within this Circuit, sister courts have similarly split. See, e.g., Kincaid v. Cnty. of Los Angeles, No. 22-cv-09056-JSL (MAA), 2023 U.S. Dist. LEXIS 128019, at *33-34 (C.D. Cal. June 6, 2023) ("Even if Plaintiff sought only damages, Rooker-Feldman would bar his claims stemming from alleged injuries from the state court's decisions."); Fitzhugh v. Miller, No. CV-19-04632-PHX-DWL, 2020 U.S. Dist. LEXIS 57926, at *12-13 (April 1, 2020) (finding that Noel excluded suits for money damages from Rooker-Feldman).

In the absence of binding precedent on point, the Court considers the matter. The unanimous view of the Supreme Court in Exxon was that Rooker-Feldman is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. The Court finds that "injuries" can include money damages. Injury, BLACK'S LAW DICTIONARY (11th ed. 2019) ("3. Any harm or damage."). Where, as here, the Court is asked to hear a claim that is entirely based upon whether a state court decision was wrongful, this Court is necessarily asked to review that decision and determine whether it should be rejected.

Further, the issue Plaintiff claims the underlying state court opinion made in error is an issue of Nevada state law. Nevada law grants the courts of the Eighth Judicial District Court, Family Division their jurisdiction. Whether that jurisdiction includes the power to make determination of domestic violence in the civil context is an issue of Nevada law not federal law.

The Court finds that on the facts of this case the Rooker-Feldman doctrine bars Plaintiff from raising issues concerning a final decision of a state courts that were subject to full appeal, including petitioning the Nevada Supreme Court, where the underlying issue is controlled by state law, and a finding for the plaintiff would necessarily involve contradicting the holding of the final state order. Allowing Plaintiff's case to proceed would necessarily involve the review of a state court decision regarding state law—the exact situation that the doctrine seeks to prevent.

More specifically, the Court finds that all of Plaintiff's claims must be barred by the Rooker-Feldman doctrine. The civil rights violations that Plaintiff brings in counts one to ten under 42 U.S.C. § 1983 are "inextricably entwined" with the underlying state court decision. Noel, 341 F.3d at 1161. Each of Plaintiff's eleven causes of action directly implicates the reasoning and validity of that state court opinion. Specifically, Plaintiff claims Clark County and Judge Ochoa's alleged decision to rely on criminal law created a due process violation due to a lack of notice (cause 1), compromised his right to a fair trial (cause 2), violated his right to a beyond reasonable doubt determination (cause 3), failed to recognize the presumption of innocence (cause 4), and deprived him of a jury trial (cause 5), wrongfully terminated his constitutionally protected parental rights (cause 7), and failed to apply the correct strict scrutiny analysis (cause 8). Plaintiff also claims that Judge Ochoa violated his right to a fair trial by failing to recuse himself (claim 9) and that Judge Ochoa retaliated against Plaintiff by issuing the order (cause 10).[1] Plaintiff further claims Clark County, Steve Wolfson, Gerard Constantian, Jon Norheim, and Defendant Korpak's enforcement of a "void" order was malicious prosecution (cause 6). Finally, Plaintiff claims that Clark County and the Eighth Judicial District Court deprived him of his civil rights by permitting an official policy that authorizes and directs its family judges to issue orders like the one complained of by Plaintiff (cause 11). The Court finds that addressing these issues would require re-opening the matter, undercutting the state ruling, and interpreting the application of state laws. Bianchi, 334 F.3d at 898.

Further, Plaintiff raised the very concerns he raises in this complaint on his direct appeal.

---

[1] To the extent causes nine and ten go beyond claims that Judge Ochoa wrongly issued the state decision, as discussed supra, he is covered by absolute immunity.

- 7 -

His argument was considered by the Nevada Appellate Court and the Nevada Supreme Court. The Nevada Supreme Court considered Plaintiff's arguments and affirmed Judge Ochoa's order. Those Justices are well familiar with applying the federal constitution and applied de novo review to Plaintiff's constitutional arguments. The United States Supreme Court considered Plaintiff's petition for a writ of certiorari, in which he raised these same questions, and denied his petition. That was Plaintiff's final appeal.

The Court is barred from acting as a further appellate court under Rooker-Feldman. See Bianchi, 334 F.3d at 898 (noting that "Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments . . .").

**D. Amendment**

Finally, because the Court finds that there are unavoidable barriers to the Court exercising jurisdiction in this matter, the Court finds that the deficiencies in the complaint cannot be cured by amendment. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

///

///

///

///

///

///

///

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Norheim, the Eighth Judicial Circuit, and Judge Ochoa's Motion to Dismiss (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Clark County, Constantian, and Wolfson's Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Korpak's Motion to Dismiss (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety, with prejudice.

DATED September 28, 2023

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**